**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

BARBARA STEWART, )
)
Plaintiff, )
)
v. ) Case No. CIV-20-650-D
)
HONORABLE FRANK KENDALL,[1] )
Secretary of the Air Force, )
)
Defendant. )

**ORDER**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 25] filed under Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff filed a response [Doc. No. 26], to which Defendant replied [Doc. No. 27]. The matter is fully briefed and at issue.

**BACKGROUND**

Barbara Stewart was hired as a Child and Youth Program Assistant by Child Development Center West in 2014. This action is filed against the Secretary of the Air Force because the development center was located on Tinker Air Force Base in Oklahoma. When she was hired, Plaintiff was pregnant; she did not inform her supervisors of her pregnancy until a few months after her employment began. Plaintiff's employment lasted just over three years. In that period, Plaintiff alleges she suffered several negative and adverse actions by Defendant because of her pregnancy and sex. Although the Amended

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretary Frank Kendall is substituted as a party because he is Barbara Barrett's successor as the United States Secretary of the Air Force.

Complaint is not a model of clarity, it appears Plaintiff was suspended and ultimately fired after a co-worker reported her for some kind of violation. Plaintiff lists six claims against Defendant: (1) pregnancy discrimination, (2) sex discrimination, (3) disability discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, (4) denial of FMLA benefits, (5) FMLA retaliation, and (6) Title VII retaliation.

**STANDARD OF DECISION**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In assessing plausibility, the Court first disregards conclusory allegations and "next consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of Albuquerque v. U.S. Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir.

2002)); *see Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). If the motion challenges only the sufficiency of a plaintiff's jurisdictional allegations, a district court must confine itself to the complaint and accept the factual allegations as true. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995); *see also Peterson*, 707 F.3d at 1206 (only "well-pleaded facts" are accepted). Where the motion challenges the facts on which subject matter jurisdiction depends, however, the court "may not presume the truthfulness of the complaint's factual allegations" and "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Holt*, 46 F.3d at 1003; *see Paper, Allied Indus., Chem. & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F. 3d 1285, 1292 93 (10th Cir. 2005); *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002); *E.F.W.*, 264 F.3d at 1303. As the party asserting federal jurisdiction, Plaintiff bears "the burden of alleging the facts essential to show jurisdiction and supporting those facts with competent proof." *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797-98 (10th Cir. 2002); *see Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Here, Defendant makes a facial attack on the sufficiency of the allegations contained in the Amended Complaint, and thus, all well-pleaded factual allegations are accepted as true. *See Ruiz*, 299 F.3d at 1180; *Holt*, 46 F.3d at 1002.

## DISCUSSION

### I. Plaintiff's FMLA claims must be dismissed because they are barred by Sovereign Immunity.

Plaintiff brings two claims under the Family and Medical Leave Act (FMLA): (1) denial of benefits due under the FMLA and (2) retaliation in violation of the FMLA. Defendant asserts that sovereign immunity bars Plaintiff's FMLA claims, and Plaintiff appears to concede that point. But, in attempt to circumvent the issue, she moved the Court for leave to dismiss her FMLA claims voluntarily.

Under Fed. R. Civ. P. 41(a), plaintiffs are permitted to voluntarily dismiss actions. But there is "no authority . . . to support the contention that Rule 41(a) applies to dismissal of less than all claims in an action." *Gobbo Farms & Orchards v. Poole Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996). Here, Plaintiff seeks to avoid the issue of sovereign immunity by requesting an order dismissing her FMLA claims without prejudice. She does not, however, seek dismissal of any of her other claims. "Hence, Rule 41(a) does not apply. Instead, a plaintiff who wishes to dismiss some claims, but not others, should do so by amending the complaint pursuant to Rule 15." *Royal Pac. Ltd. v. Faith Elec. Manufacture Co., Ltd*, 322 F. Supp. 3d 1178, 1183 (D.N.M. 2018) (quotations omitted). Therefore, the Court will consider whether sovereign immunity bars Plaintiff's FMLA claims.

It is "axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941); 14 Charles Wright, Arthur Miller & Edward Cooper, *Federal Practice and Procedure* § 3654,

at 156-157 (1976)). "The party bringing suit against the United States bears the burden of proving that sovereign immunity has been waived." *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

Title II of the FMLA, 5 U.S.C. §§ 6381, *et seq.*, governs federal civil-service employees employed for more than twelve months, whereas Title I, 29 U.S.C. §§ 2601, *et seq.*, governs federal civil-service employees not covered by Title II. Although both Title I and Title II employees are afforded the same substantive rights under the FMLA, only Title I employees are granted a private right of action to enforce those substantive rights. *Schuman v. Perry*, No. 16-CV-313-JED-FHM, 2017 WL 2951918, at *1 (N.D. Okla. July 10, 2017). "While it does not appear that the Tenth Circuit has addressed the issue, district courts within this Circuit have determined that Title II employees may not maintain private actions for alleged violations of the FMLA." *Id.* (collecting cases).

Plaintiff worked at the child development center for over twelve months, and she does not assert that her claims arise out of Title I. Further, Plaintiff appears to concede sovereign immunity precludes her claims. Accordingly, the Court finds that her FMLA claims should be dismissed for lack of jurisdiction.

## II.     Plaintiff failed to timely exhaust administrative remedies for certain discrete incidents of discrimination.

As a federal employee, Plaintiff was required to initiate the administrative process by contacting an Equal Employment Opportunity (EEO) counselor to attempt an informal resolution within 45 days of either the allegedly discriminatory matter or the effective date of a personnel action. *See* 29 C.F.R. § 1614.105(a). The process for achieving an informal

resolution of the allegedly discriminatory matter can last 90 days at most. *See id.* § 1614.105(d)–(f). At the end of that period, the EEO counselor must issue a notice informing the individual of her right to file a formal administrative complaint. *Id.* Once the EEO counselor issues that notice, the individual has 15 days to file the complaint. *See id.* § 1614.105(d); § 1614.106(b).

Plaintiff alleges she followed these requirements in initiating the administrative process by contacting an EEO counselor regarding her allegations of discrimination. [Doc. No. 24, Amend. Compl. at ¶ 7]. Plaintiff alleges she filed a complaint of discrimination on or about November 22, 2017. *Id.* Accounting for the maximum period for which the pre-complaint process could last, 90 days, and for which Plaintiff could file the formal administrative complaint after receiving notice from the EEO officer, 15 days, the earliest Plaintiff could have contacted the EEO counselor was August 9, 2017. Therefore, Plaintiff timely exhausted her administrative remedies for any incident of discrimination occurring within 45 days of that date, or June 25, 2017. Plaintiff, however, failed to timely exhaust administrative remedies for all discrete incidents of discrimination that occurred before June 25, 2017.

Where a plaintiff alleges that multiple discriminatory acts have occurred, "each discrete incident of such treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted. *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110–13 (2002)). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113. Therefore,

Plaintiff may not base her employment discrimination claims on any alleged discriminatory act for which she has not timely exhausted administrative remedies. Here, that means discrete employment discrimination claims cannot be based on of the conduct she has alleged that occurred before June 25, 2017.[2]

Plaintiff's pregnancy discrimination claim relies on factual allegations relating to her pregnancy in 2014; Plaintiff was pregnant when she started working for Defendant. She alleges Defendant discriminated against her once Defendant found out she was pregnant. The latest alleged discriminatory act by Defendant relating to Plaintiff's pregnancy occurred in 2015, well before June 25, 2017. Therefore, Plaintiff's pregnancy discrimination claim must be dismissed for failure to timely exhaust administrative remedies.

**III. Plaintiff's sex discrimination claim must be dismissed because the Amended Complaint lacks allegations giving the Court a basis to infer that Plaintiff was discriminated against because of her sex.**

Plaintiff is correct in pointing out that there is no heightened pleading standard for employment discrimination claims. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002) (explaining that the *McDonnell Douglas* framework "is an evidentiary standard, not a pleading requirement"). But the pleading standard set forth in *Twombly* and *Iqbal* still requires a plaintiff to plead a plausible claim for relief. And in the absence of direct

[2] Hostile work environment claims, on the other hand, work differently. "'[A]s long as an act contributing to a hostile work environment took place' within the limitations period, 'a court may consider the complete history of acts comprising that hostile work environment.'" *Aman v. Dillon Companies, Inc.*, 645 F. App'x 719, 724 (10th Cir. 2016) (unpublished) (quoting *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1308 (10th Cir. 2005)). The Court may thus consider the complete history of acts contributing to Plaintiff's hostile work environment claim.

evidence of discrimination, the only way for the Court to evaluate the plausibility of Plaintiff's employment discrimination claims is to "examine the first step of the *McDonnell Douglas* framework: the elements [Plaintiff] would need to establish to prove" prima facie cases for her pregnancy discrimination and sex discrimination claims. *See Morman v. Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015) (unpublished).

The Tenth Circuit has stated regarding employment discrimination claims that "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *accord Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1050 (10th Cir. 2020); *see Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1278–79 (10th Cir. 2010) (approving continued application of burden-shifting framework of *McDonnell Douglas* to age discrimination claims governed by a but-for causation standard).

A plaintiff establishes a *prima facie* case of discrimination by showing that "(1) the victim belongs to a class protected by Title VII, (2) the victim suffered an adverse employment action, and (3) the challenged action took place under circumstances giving rise to an inference of discrimination." *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021) (quoting *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007)). "For the third element, a plaintiff can raise an inference of discrimination by showing differential treatment. For example, it is sufficient to show that the employer treated the plaintiff differently from similarly situated employees who are not part of the plaintiff's

protected class." *Id.*; *see Jones*, 617 F.3d at 1279 (substituting for third element, plaintiff was qualified for the position and "was treated less favorably than others not in the protected class").

Further, to prove a hostile work environment claim, "'a plaintiff must show (1) that she was discriminated against because of her sex; and (2) that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of her employment and created an abusive working environment.'" *Pinkerton v. Colorado Dept. of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009).

The allegations in the Amended Complaint do not give rise to a reasonable inference that Plaintiff was discriminated against because of her sex. Plaintiff worked for Defendant for over three years before she was terminated in 2017. She alleges she suffered numerous negative actions by her supervisors throughout her employment, including disciplining Plaintiff for behavior condoned for other employees, gossiping about Plaintiff to other employees, assigning one of Plaintiff's co-workers to monitor her conduct, encouraging other employees to write complaints about Plaintiff, denying Plaintiff work breaks, and denying Plaintiff appointment as a regular employee.

To be sure, these allegations do tend to suggest Plaintiff was treated differently than other employees. But they do not give the Court any basis to infer that Plaintiff was treated differently *because of her sex*. "Title VII does not make unexplained differences in treatment per se illegal nor does it make inconsistent or irrational employment practices illegal. It prohibits only intentional discrimination *based upon* an employee's protected

class characteristics." *E.E.O.C. v. Flasher Co.*, 986 F.2d 1312, 1319 (10th Cir. 1992) (emphasis in original).

Therefore, Plaintiff's sex discrimination claim must be dismissed. Further, since the Amended Complaint contains no allegation giving rise to a reasonable inference that Plaintiff was discriminated against because of her sex, any hostile work environment claim based on sex discrimination must also fail.

**IV. Plaintiff's sexual harassment claim, to the extent she asserts one, must be dismissed because the Amended Complaint lacks allegations giving the Court a basis to infer that Plaintiff was forced to endure a severe or pervasive working environment.**

Sexual harassment is actionable under Title VII only if it is "so 'severe or pervasive' as to 'alter the conditions of [the victim's] employment and create an abusive working environment.'" *Faragher v. Boca Raton*, 524 U.S. 775, 786 (1998) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)); *see also Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998) (Title VII "forbids only behavior so objectively offensive as to alter the conditions of the victim's employment.").

Workplace conduct is not to be measured in isolation. Instead, "whether an environment is sufficiently hostile or abusive" must be judged "by 'looking at all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Faragher*, 525 U.S. at 787–88.

In support of her sexual harassment claim, Plaintiff alleges a male co-worker told children at the development center to point at Plaintiff and say, "Sexy, gorgeous, beautiful, pretty." [Doc. No. 24, Am. Compl. at ¶ 88]. The next day, Plaintiff contends the same co-worker "made a comment about the jeans Plaintiff was wearing." *Id.* at ¶ 90. Plaintiff turned in a written report of these statements to her supervisor, and her supervisor told Plaintiff another employee previously submitted a similar report about the same male co-worker. Plaintiff claims her report and concerns were dismissed. Plaintiff further alleges that this male co-worker "rubbed Plaintiff's hand with his own while the two were cleaning" a classroom. *Id.* at ¶ 95. Finally, Plaintiff claims this male employee harassed her by watching her through her classroom window. Plaintiff alleges Defendant's failure to address her complaints interfered with her ability to perform her job. These incidents all occurred within one month.

Plaintiff's allegations do not show the kind of severe or pervasive work environment that would give rise to a plausible sexual harassment claim. *See Morris v. City of Colorado Springs*, 666 F.3d 654, 665–666 (10th Cir. 2012) (concluding that allegations that a surgeon hit the plaintiff by twice flicking her head with his finger and threw bloody heart tissue at her that struck her leg while she was not wearing reinforced protective gear in operating room not sufficiently severe to state a plausible sexual harassment claim); *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1365 (10th Cir. 1997) (concluding that "five separate incidents of allegedly sexually-oriented, offensive comments either directed to [the plaintiff] or made in her presence in a sixteen month period" were not sufficiently pervasive to support a hostile work environment claim); *Earles v. Cleveland*, 418 F. Supp. 3d 879,

899–900 (W.D. Okla. 2019), aff'd, 825 F. App'x 544 (10th Cir. 2020) (finding allegations that supervisor forced plaintiff to carry her own luggage from room to a hotel lobby, that supervisor said plaintiff "was incompetent and worthless" and did not have a good work ethic, and that supervisor wrongfully blamed plaintiff for his mistake were insufficient to state a plausible sexual harassment claim).

At most, Plaintiff has alleged that there were a few incidents of behavior, all occurring within a month, that she found to be offensive, and she makes only a general allegation that Defendant's failure to address her concerns interfered with her ability to perform her job. Plaintiff's sexual harassment claim, therefore, must be dismissed.

## V. Plaintiff's disability discrimination claim must be dismissed because pregnancy, by itself, does not qualify as a disability under the meaning of the Rehabilitation Act.

To make out a prima facie case of disability discrimination under the Rehabilitation Act a Plaintiff must show: (1) she is a disabled person within the meaning of the Act, (2) she is otherwise qualified for the job, and (3) she was discriminated against because of her disability. *Vidacak v. Potter*, 81 F. App'x 721, 723 (10th Cir. 2003) (unpublished). The Rehabilitation Act incorporates the standards of the Americans with Disabilities Act (ADA) of 1990. *See* 29 U.S.C. § 791(f). Therefore, "decisions under both Acts apply interchangeably to" the analysis of Plaintiff's claim. *Vidacak*, 81 F. App'x 721 at 723.

Defendant disputes that Plaintiff was an individual with a disability. Plaintiff alleges that her pregnancy was a disability under the ADA because it constituted an impairment that limited her in one or more major life activities. However, pregnancy, by itself, is not a

disability under the ADA.[3] "To constitute a disability under the ADAAA, plaintiff must show she was pregnant and had a related mental or physical impairment." *Shaw v. T-Mobile*, No. 18-2513-DDC-GEB, 2020 WL 5231309, at *12 (D. Kan. Sept. 2, 2020) (citing *LaCount v. S. Lewis SH OPCO, LCC*, No. 16-CV-0545-CVE-TLW, 2017 WL 1826696, at *3 (N.D. Okla. May 5, 2017); *see also Richards v. City of Topeka*, 173 F.3d 1247, 1250 n.2 (10th Cir. 1999) (noting "that numerous district courts have concluded that a normal pregnancy without complications is not a disability under 42 U.S.C. § 12102(2)(A)"); *Andrews v. Eaton Metal Prod., LLC*, No. 20-CV-00176-PAB-NYW, 2020 WL 5821611, at *7 (D. Colo. Sept. 8, 2020), report and recommendation adopted, No. 20-CV-00176-PAB-NYW, 2020 WL 5815059 (D. Colo. Sept. 30, 2020) (collecting cases). Pregnancy was the only disability Plaintiff alleged in the Amended Complaint. Her disability discrimination claim, therefore, must be dismissed.

**VI. Plaintiff asserts a plausible retaliation claim.**

To establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in protected employee activity; (2) she was subjected to an adverse action by an employer either after or contemporaneous with the protected activity; and (3) there was a causal connection between the employee's activity and the employer's adverse action. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000).

[3] Although Plaintiff's child was diagnosed with a kidney disease resulting in intensive medical treatment, Plaintiff does not allege that she experienced complications from the pregnancy. Further, it does not appear that Plaintiff asserts an associational-disability discrimination claim.

Plaintiff's allegations are clearly sufficient to meet the first two elements. A complaint of sexual harassment "unquestionably constitutes protected activity." *Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1228 (10th Cir. 2008). Further, "any reasonable employee would have found termination materially adverse." *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006).

Defendant mainly disputes the third element: whether there was a causal connection between Plaintiff's complaints of harassment and her suspension and subsequent termination. The Tenth Circuit has "repeatedly recognized temporal proximity between protected conduct and termination as relevant evidence of a causal connection sufficient to 'justify an inference of retaliatory motive.'" *Id.* (quoting *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1228 (10th Cir. 2006)). Plaintiff was fired just over a month after she submitted two reports of sexual harassment by a co-worker. This close temporal proximity, at this stage of litigation, is sufficient for the court to draw a reasonable inference that there was a causal connection between Plaintiff's complaints and her termination. She has thus stated a plausible retaliation claim.

## CONCLUSION

For these reasons, the Court finds Plaintiff's retaliation claim is the sole plausible claim for relief asserted in the Amended Complaint. Therefore, Defendant's Motion to Dismiss [Doc. No. 25] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS THEREFORE ORDERED** that Plaintiff's FMLA claims are dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's pregnancy discrimination, sex discrimination, hostile work environment, sexual harassment, and disability discrimination claims are **DISMISSED** without prejudice.

**IT IS SO ORDERED** this 5th day of January, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge